UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

*DOC NO
REC'D/FILED
2016 MAY 25 PM 12: 11
PETER OPPENEER
CLERK US DIST COURT
WD OF WI*

Michael Parks

**Plaintiff,**

V.

Case No. 16 C 347-jdp

Chippewa County

Sheriff James Kowalczyk of Chippewa County

John Doe 1-10\ Maker of the belt

John Doe Officer of Chippewa County

---

### COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

---

### Nature of Proceedings

1. This is a civil action commenced under, **§1983** and other applicable provisions of the laws of the United States and the State of Wisconsin brought to redress the violation of Plaintiff rights guaranteed to him by the constitution of the United States, which proximately caused extreme emotional stress, and unnecessary electrocution. These actions of each defendant (who are employees of the ~~state of WI~~ County of Chippewa) displayed malice, ill will, negligence and violated Plaintiff's Eighth Amendment rights that are constitutionally protected to be free from cruel and unusual punishment.

### I. JURISDICTION AND VENUE

2. Jurisdiction over subject matter of this action is conferred by **28 U.S.C.S. §1331** (Federal Question Jurisdiction), **1343(A)(3) (42 U.S.C.S. §1983** Jurisdiction).

3. Venue is properly laid in the Western District of Wisconsin because the wrongful acts complained of herein took place in Chippewa County, within Western District of Wisconsin within the meaning of **28 U.S.C.S. §1391 (B)**.

### C. EXHAUSTION OF LEGAL REMEDIES

4. Plaintiff Michael Parks filed his Offender grievance with Chippewa County, and filed notice of injury and claim.

5. A notice of injury and claim for State law claims, were served to the Attorney General pursuant to **893.82** Wis. Stat. and denied by the attorney general stating defendants were not state employees.

### II. PARTIES

#### A. Plaintiff

6. The plaintiff Michael Parks is an adult male resident of Columbia Correctional Institution, PO Box 900 Portage WI 53901.

#### B. Defendants

7. The Defendant, Chippewa County is a county of Wisconsin in the United States.

8. The Defendant, Sheriff James Kowalczyk is an adult male citizen of the United States, currently a resident of Wisconsin and at all times, material hereto, was employed as the sheriff at the ~~Walworth~~ Chippewa County Jail. Being sued in his individual and offical capacity

9. The Defendant, John Doe is a belt maker company of the United States, who supplied a defective belt to ~~Walworth~~ Chippewa County. Being sued in it's individual and offical capacity

2

10. The Defendant, John Doe Officer is an adult male citizen of the United States, currently a resident of Wisconsin and at all times, material hereto, was employed as the sheriff at the ~~Walworth~~ Chippewa County Jail. Being sued in his individual capacity

11. At all times material hereto, all named defendants (namely Chippewa County, James Kowalczyk, and John Doe Officer) were acting under color of state law.

12. At all times material hereto, all named defendants (namely Chippewa County, James Kowalczyk, and John Doe Officer) were acting within the scope of his/her authority within the meaning of **§895.46 Wis. Stats.**

### III.   PREVIOUS LAWSUITS

A.   **No** I have not begun other lawsuits in federal court relating to the same facts involved in this action.

B.   **No,** I have begun other lawsuits in federal court relating to my imprisonment.

### IV. STATEMENT OF CLAIM AS TO ALL CAUSES OF ACTION AND VIOLATIONS OF LAW

**COUNT 1   CRUEL AND UNUSUAL PUNISHMENT**

13. On November 12th 2015, plaintiff sat and waited with attorney Jesse Weber for the jury to deliberate, as the jury deliberated, he was electrocuted by the electronical restraint belt. Plaintiff began to scream very loud and two bailiff officers came from the back to help plaintiff.

14. The plaintiff beforehand had made it known to the transporting John Doe officer that the device had been beeping all day, and that he thought that the belt might go off. The

3

officer made no attempt to replace or correct the error beforehand. John Doe officer checked the belt after the electrocution and stated that the wires were loose.

15. As a result of being electrocuted the plaintiff had been burned badly on the arm and now experience involuntary muscle twitches.

16. On February 1st 2016 plaintiff wrote Chippewa county sheriff department and asked for the results of the defective belt, and for an appeal form.

17. Sheriff James Kowalczyk responded to plaintiffs' requests for the results of the defective belt and was declined, and an appeal form was not sent to the plaintiff.

18. On March 7th, 2016 plaintiff wrote the Chippewa county sheriff department again for an appeal form.

19. On March 24th, 2016 plaintiff wrote and asked for an appeal form.

20. On November 15th 2015 the plaintiff wrote a grievance and a Lt. Proue responded on November 16th 2015, stating the incident was under investigation and that the unit (belt) had been removed from service. He also stated that the device would be inspected.

21. On January 25th 2016 the plaintiff wrote to Chippewa county jail administrators asking for a copy of the incident report, and photos that were taken of the incident, the name of the company also the make and model of the device. The plaintiff received no response.

22. Chippewa County failed to prevent harm to plaintiff when a defective stabilizing belt was placed on plaintiff. When plaintiff made it known that the belt was beeping as if it would go off to John Doe officer and no action was taken.

4

23. Under the conditions of confinement, those actions posed a substantial risk of serious harm. It is the duty of the belt maker, the sheriff, and the officers to make sure that the proper belt was used during plaintiffs' court appearance. Not doing that constituted an unnecessary and wanton infliction of pain

## V. LEGAL THEORY OR APPROPIATE AUTHORITY

**Brown v. Budz 398 F.3d 904 910** (7th cir. 2005); plaintiff alleged conditions posing a substantial risk of serious harm.

**Christie v. Iopa, 176 F.3d 1231** (9th cir. 1999) **Doe v. County of Lake, 399 F. Supp. 553; 1975; Monell v. Dept. of Soc. Servs. 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed. 2d 611.** (County named as person)

**Farmer v. Brennan, 81 F.3d 1444**

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable of right to jury in this action.

## VII. Damages

As a result of the named defendants' deliberate indifference in their response to adequate and effective merchandise. Plaintiff suffered unnecessary pain and suffering and emotional distress for all which plaintiff seek compensatory damages in the amount of **$250,000.00** for each defendant.

Because the acts and omissions of the defendant alleged herein were carried out with reckless disregard for the plaintiff fundamental rights, he seek an award of punitive damages against the defendants to deter them, and other similarly situated, from similar wrongful acts and omissions in the future.

Wherefore, Plaintiff prays that the court grant Judgment against the defendants awarding him:

**B. An injunction ordering Defendant sheriff Kowalczyk, Chippewa County, and John Doe Belt maker to:**

1. Provide effective Electrical Immobilizing belts on all detainees.

2. Admit that the plaintiff was harmed by a defective belt.

**C. Award compensatory damages in the following amounts:**

1. $250,000.00 jointly and severally against defendants, sheriff Kowalczyk, Chippewa County, John Doe Belt maker, and John Doe officer for emotional injury, resulting from electrocution.

**D. Award punitive Damages in the following amounts:**

1. $250,000.00 each against defendants sheriff Kowalczyk, Chippewa County, John Doe Belt maker, and John Doe officer for emotional injury, resulting from electrocution.

E. Grant such other relief as it may appear that plaintiff is entitled for Eighth amendment violations as court deems just.

Respectfully Submitted,
Dated this 22 day of May 2016

Michael Parks 273448
CCI P.O. Box 900
Portage WI, 53901

I declare under penalty of perjury that the foregoing is true and correct.

6