IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL PARKS,

                Plaintiff,

v.

CHIPPEWA COUNTY, STUNTRONICS, LLC,
FORMERLY KNOWN AS ELECTRONIC DEFENSE
TECHNOLOGY, LLC, and JEFF HANZLIK,

                Defendants.

ORDER

16-cv-347-jdp

---

    Plaintiff Michael Parks, brings this lawsuit in which he alleges that he was shocked by a defective restraint belt used during a trial, while in the care of defendant sheriff's deputy Jeff Hanzlik. I allowed Parks leave to proceed on a Fourteenth Amendment due process claim against Hanzlik, negligence claims against Hanzlik and defendant Chippewa County, and a product liability claim against StunTronics, LLC, formerly known as Electronic Defense Technology, LLC. Chippewa County and Hanzlik, whom I will refer to collectively as the "county defendants," have filed a motion for summary judgment, as has StunTronics. This order concerns the proper standard to be applied to the due process claim against Hanzlik.

    In my order screening Parks's complaint, I inferred that he was a pretrial detainee, not a convicted prisoner, at the time he was shocked by the stun belt, so I considered his constitutional claims as ones under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. Dkt. 14, at 3–4. The facts presented at summary judgment confirm that Parks was a pretrial detainee. I described the standard for the due process claim against Hanzlik as follows:

> Historically, courts have borrowed the Eighth Amendment
> standard in Fourteenth Amendment cases similar to this one,

> stating that "the protection afforded [pretrial detainees] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners." *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013). Under this standard, the plaintiff must show that "(1) 'he is incarcerated under conditions posing a substantial risk of serious harm,' and (2) defendant-officials acted with 'deliberate indifference' to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

*Id.* But I noted that in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015), an excessive-force case, the United States Supreme Court concluded that a pretrial-detainee plaintiff need not prove a defendant's subjective "deliberate indifference" to prevail on a due process claim. Rather, the plaintiff need show only that "'the force purposely or knowingly used against him was objectively unreasonable.'" *Id.* at 4 n.1 (quoting *Kingsley*, 135 S. Ct. at 2473). This objective-unreasonableness standard had generally not been extended to cases other in than the excessive-force context, but I told the parties that they would be free to raise the issue later in the proceedings. *Id.* (collecting cases).

Parks has filed a motion seeking leave to file a supplemental summary judgment opposition brief, Dkt. 95, in which he calls to the court's attention a new opinion from the Court of Appeals for the Seventh Circuit, *Miranda v. Cnty. of Lake*, 2018 WL 3796482, at *12 (7th Cir. Aug. 10, 2018). In *Miranda*, the court extended the use of the objective-unreasonableness standard to a medical care case involving a pretrial detainee. The county defendants oppose the motion, stating that the objective-unreasonableness standard should not apply in the failure-to-protect context. But I see nothing in *Miranda* suggesting that the court meant to limit *Kingsley's* holding to only excessive-force and medical care cases, or some other limited set of prison civil-rights cases. Other courts have already cited *Miranda* in applying the objective-unreasonableness standard to conditions-of-confinement cases, *Moore v. Germaine*,

2

No. 18-CV-01378-JPG, 2018 WL 4027575, at *2 (S.D. Ill. Aug. 23, 2018); *McWilliams v. Cook Cty.*, No. 15 C 53, 2018 WL 3970145, at *5 (N.D. Ill. Aug. 20, 2018), and I will apply it to Parks's failure-to-protect claim.

The county defendants also appear to oppose Parks's motion because he invokes Federal Rule of Civil Procedure 15(d), regarding supplemental *pleadings*. The correct citation is irrelevant here; now that I have clarified the correct standard to be used for the due process claim, the parties should have a chance to address that standard. So I will grant Parks's motion. But time is short given the October 29, 2018 trial date and associated pretrial-submission deadlines. I will give the parties abbreviated deadlines to file a round of supplemental briefs, limited to the application of *Miranda* to the claim against Hanzlik. I will also push the pretrial-submissions deadlines back slightly to accommodate the supplemental briefing.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Parks's motion for leave to file a supplemental summary judgment opposition brief, Dkt. 95, is GRANTED. The county defendants may have until September 18, 2018 to submit a supplemental brief. Plaintiff may have until September 25, 2018, to file a response.

2. The schedule is AMENDED as follows. All pretrial submissions, including motions in limine, are now due October 9, 2018. Responses are due October 19, 2018.

Entered September 11, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge